UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| C & I GROUP, L.L.C., *et al.* | CIVIL ACTION |
| VERSUS | No. 06-9304 |
| ZURICH AMERICAN INSURANCE CO., *et al.* | SECTION: I/4 |

### ORDER AND REASONS

Before the Court is the motion to remand filed on behalf of plaintiffs, C & I Group, L.L.C., and Irvin & Associates (collectively, "plaintiffs"). For the following reasons, plaintiffs' motion is **GRANTED**.

*BACKGROUND*

Plaintiffs own property that suffered extensive damage when Hurricane Katrina made landfall in the New Orleans area on August 29, 2005. According to plaintiffs, their property was insured by defendants Zurich American Insurance Company ("Zurich") and Maryland Casualty Company ("Maryland"). On August 28, 2006, plaintiffs sued Zurich and Maryland in state court; plaintiffs also sued their insurance agency, Bourg Insurance Agency, Inc. ("Bourg"), and the nominee corporation AAA Contractor Services. Plaintiffs allege that the defendant insurance companies, in bad faith, have failed to pay for damage to their home for which they were responsible.[1] Plaintiffs also alleged that Bourg failed to properly advise them regarding their insurance coverage.[2] Plaintiffs and Bourg are Louisiana citizens; Maryland and Zurich are

---

[1] Rec. Doc. No. 1-2, p. 5.

[2] Rec. Doc. No. 1-2, p. 6.

foreign corporations.[3]

Maryland removed the case to this Court in November 2006, arguing that plaintiffs had improperly joined Bourg to defeat diversity. Plaintiffs filed their motion to remand on November 30, 2006, and Maryland filed its opposition on January 30, 2007.

## *LAW AND ANALYSIS*

### I. Standard of Law

*A. Motion to Remand*

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of

---

[3]Rec. Doc. No. 1-2, p. 3. Plaintiffs contend that AAA is "authorized and doing business in the State of Louisiana." AAA, however, appears to be a fictitious name to represent the party that plaintiffs employed to repair their property. Plaintiffs have not served AAA, and they include no identifying information regarding this party in their petition or memorandum. 28 U.S.C. § 1441(a) provides that, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." Considering Congress's unambiguous language in this statue, the Court will ignore AAA for the purpose of determining the diversity of the parties. *Cf. Whiddon v. Wal-Mart Stores, Inc.*, No. 04-2072, 2004 U.S. Dist. LEXIS 26121, at * 4-5 (E.D. La. Dec. 30, 2004) ("Notwithstanding the apparent clarity of [§ 1441(a)], several district courts have found that, in certain circumstances, a court may consider an unnamed defendant's citizenship. They reason that when plaintiff's complaint provides a definite clue about the identity of a fictitious defendant, a court should consider the fictitious defendant's citizenship.") (internal citations omitted).

remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

B. *Improper Joinder*

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts,[4] or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc).[5] In *Smallwood*, the United States Court of Appeals for the Fifth Circuit restated the law with respect to the second method of establishing improper joinder, which is at issue in this case:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.
>
> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

---

[4] There are no allegations of actual fraud in the pleading of jurisdictional facts, as no party disputes that defendant Bourg is a Louisiana domiciliary. *See, e.g.*, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 n.8 (5th Cir. 1981).

[5] The majority opinion in *Smallwood* adopted the term "improper joinder" in lieu of the term "fraudulent joinder." *Smallwood*, 385 F.3d at 571 n.1.

385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)) (footnotes omitted).

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.,* 663 F.2d at 549). The court must also resolve all ambiguities in the controlling state law in the plaintiff's favor. *Id.*

## II. Discussion

Defendants argue that plaintiffs have improperly joined Bourg because (1) their allegations against Bourg fail to state a claim against him cognizable pursuant to Louisiana law, and (2) plaintiffs' claims against Bourg, if extant at all, are perempted by La. Rev. Stat. § 9:5606. In their petition, plaintiffs contend that Bourg "failed . . . to properly advise plaintiffs as to their options, including . . . [p]roviding plaintiffs the option of purchasing excess flood insurance [and] . . . [f]ailing to inform plaintiffs that damages caused by a hurricane may not be covered under their chosen policy." Plaintiffs also allege that Bourg failed to procure adequate flood insurance coverage for their building and failed to advise plaintiffs as to the inadequacy of their flood coverage.[6]

---

[6] Rec. Doc. No. 1-2, p. 6 ¶¶XVII-XVIII. Plaintiffs allegations against Bourg, in their entirety:

Within the last year, plaintiff has conversed with defendant agent regarding limits, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes. At the time plaintiffs were seeking to obtain insurance, defendant insurance agent within the last year, failed in its capacity as an insurance agent to properly advise plaintiffs as to their options, including but not limited to the following:

Plaintiffs' claims survive the Rule 12(b)(6) analysis that the Court must conduct in determining whether Bourg has been improperly joined. "Insurance agents and brokers owe the same duty to a client for whom the agents or brokers have agreed to procure insurance." *Taylor v. Sider*, 765 So.2d 416, 418 (La. Ct. App. 4 Cir. 2000) (citing *Durham v. McFarland, Gay & Clay Inc.*, 527 So.2d 403 (La. Ct. App. 4th Cir. 1998); *McCartney v. State Farm Ins. Co.*, 567 So.2d 1168 (La. Ct. App. 3d Cir.), *writ not considered*, 569 So.2d 974 (La. 1990)). In *Richmond v. Chubb Group of Ins. Cos.*, this Court noted that Louisiana courts have held that an insurance agent's "fiduciary duty includes advising his client with regards to recommended coverage." No. 06-3973, 2006 U.S. Dist. LEXIS 67537, at *6 (E.D. La. Sept. 20, 2006) (quoting *Durham*, 527 So. 2d at 405); *see also Taylor*, 765 So. 2d at 419 ("[L]ouisiana law in certain instances imposes a fiduciary duty on insurance agents in their dealings with the insured.").[7] Considering the above, the Court does not find that plaintiffs have failed to state a claim against Bourg. Their allegations raise factual issues that are not ripe for dismissal at this stage of the case, and Bourg

---

    a. Providing plaintiffs the option of purchasing excess flood insurance;
    b. Failing to inform plaintiffs that damages caused by a hurricane may not be covered under their chosen policy;
. . . .
Within the last year, plaintiff has conversed with defendant agent regarding limits, scope of coverage regarding hurricane damage, and within the last three (3) years has [sic] made and/or requested changes. Plaintiffs plead concurrently and in the alternative that Defendant insurance agent within the last year was negligent and/or breached their agreement with plaintiffs by failing to procure adequate insurance coverage for plaintiffs' properties. Their acts of omission and/or commission include but are not limited to:
    a.  failing to procure adequate flood insurance coverage for the buildings
    b.  failing to procure property insurance that would provide coverage for Hurricane-related damages and losses;
    c.  failing to advise plaintiffs of the inadequacy of their flood coverage; and
    d.  all other acts which will be shown and proven at the trial of this matter.

[7]In *Taylor*, the plaintiff essentially alleged that, had she been fully informed of the law and insurance coverage options, she may have opted for a different type of coverage. The *Taylor* court held that the "plaintiff has adequately asserted a cause of action against defendants as to the insurance agent's duty in procuring this insurance and informing the insured of the policy limitations and exclusions." 765 So. 2d at 419

should not be dismissed at this time.

Moreover, the Court does not find that plaintiffs' claim against Bourg are peremped. La. Rev. Stat. § 9:5606 provides the peremptive period for actions against insurance agents. That statute states that an action against an insurance agent must be brought within one year of the alleged negligent act or omission or within one year from the discovery of the alleged negligent act or omission; in addition, even as to actions filed within one year of the date of discovery, no action may be filed more than three years from the date of the alleged negligent act or omission.[8]

Plaintiffs' petition claims that they had discussions with Boug regarding the "limits [and the] scope of coverage regarding hurricane damage" within the last three years. Assuming that plaintiffs discovered Bourg's alleged negligence at the time of Hurricane Katrina's landfall in August 2006, plaintiffs' claims would not be peremped.

The Court finds that defendant Bourg was not improperly joined; therefore, complete diversity does not exist between the parties, and the Court does not have jurisdiction over this matter pursuant to 28 U.S.C. § 1332.[9]

---

[8] La. R.S. § 9:5606 provides in pertinent part:

A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
. . . .
C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

[9] Because complete diversity does not exist between the parties, the Court does not find it necessary to address whether the amount in controversy requirement of 28 U.S.C. § 1332 has been met.

Accordingly,

**IT IS ORDERED** that the motion to remand filed by plaintiffs,C & I Group L.L.C. and Irvin & Associates[10] is **GRANTED**, and the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, Louisiana.

New Orleans, Louisiana, May ___1st___, 2007.

                                                                          _____
                                                                          **LANCE M. AFRICK**
                                                                          **UNITED STATES DISTRICT JUDGE**

---

[10] Rec. Doc. No. 3.